

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-3-2007

# USA v. Flemming

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1514

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Flemming" (2007). *2007 Decisions.* Paper 147.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/147

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 05-1514
_____

UNITED STATES OF AMERICA

v.

GLENN FLEMMING
a/k/a
NASIR HUGGINS,

Glenn Flemming,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00148 )
District Judge:   Hon. Anita B. Brody
_____

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2007

Before:   SCIRICA, *Chief Judge*, AMBRO AND JORDAN, *Circuit Judges*

(Filed: December 3, 2007 )
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Glenn Flemming ("Flemming") was convicted after a three-day jury trial of possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a controlled substance offense, in violation of 18 U.S.C. § 924 (c)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Flemming asserts on appeal that the District Court erred in four respects: (1) sentencing him under the U.S.S.G. § 2D1.1 enhancement for crack cocaine; (2) denying his motion to suppress evidence allegedly seized in violation of his Fourth Amendment rights; (3) upholding the jury's finding that he possessed a firearm in furtherance of a drug trafficking crime; and (4) upholding the jury's finding that he possessed crack cocaine with the intent to distribute it. For the following reasons, we affirm.

## I. Factual and Procedural Background

On August 22, 2002, at approximately 10:25 p.m., Philadelphia Police Officers George Williams ("Officer Williams") and Duane White ("Officer White") (collectively "the officers") observed Flemming driving a white 1988 Oldsmobile Delta without its headlights on. After observing him continue to drive for several blocks without turning on his headlights, the officers pulled him over.

The officers issued Flemming a citation for driving without a license and without headlights, and told him that, pursuant to Pennsylvania's Live Stop law, his car was going to be towed. The officers then permitted Flemming to go back into the car to retrieve

2

some personal items. After removing some compact discs and the radio's face plate, Flemming was told he was free to leave. Rather than going, though, he asked if he could go back into the car again to remove more items. Officer Williams agreed to let Flemming return to the vehicle. When Officer White, who was by then in the police car doing paperwork, looked up and saw that Flemming was again in the driver's side of the Oldsmobile, he became concerned and approached the passenger's side of the car. As he approached, Officer White could see Flemming pulling a gun from underneath the dash board. Officer White immediately yelled "[G]un, he has a gun," and drew his weapon while yelling for Flemming to drop the gun.

After the officers arrested Flemming, Officer White returned to the Oldsmobile to retrieve Flemming's gun and found, on the floor next to the gun, a plastic bag containing 61 packets and vials of what appeared to be crack cocaine. Flemming pled not guilty to possessing with intent to distribute cocaine base ("crack"); possessing a firearm in furtherance of a controlled substance offense; and possessing a firearm as a convicted felon. Prior to trial, he filed a motion to suppress the evidence seized during the stop. During the suppression hearing, he argued that the police lacked probable cause to stop and search the vehicle he was driving.

The District Court denied Flemming's suppression motion. As to the initial stop of the vehicle, the only issue from the suppression hearing he now challenges on appeal, the District Court found that the officers had probable cause to stop him because they had an

articulable and reasonable suspicion that Flemming had committed a traffic violation by driving without his headlights on.

At trial, Flemming stipulated that the 61 packets and vials seized from the vehicle he was driving were submitted to the Philadelphia Police Department Chemistry Laboratory for analysis, and that the analysis showed that the substance packaged was "cocaine base ('crack')" as defined in United States Sentencing Guidelines, § 2D1.1, Note D, with a total weight of 4.47 grams. An expert qualified in the area of narcotics investigations testified that because of the inherent dangers associated with the illegal narcotics trafficking business, drug dealers carry firearms to protect themselves. In addition, the expert noted that the crack seized was more consistent with intent to distribute than with personal use. His opinion rested on the quantity and packaging of the crack, the existence of a firearm in close proximity to the drugs, the lack of drug use paraphernalia, and that the drug was in the form of multiple small vials. The jury convicted Flemming on all counts.

During the sentencing hearing, Flemming argued that, contrary to his stipulation entered at trial and read to the jury, the government did not prove that the substance he possessed was crack cocaine. Flemming gave no evidence at the hearing that his stipulation was unknowing or involuntary. The District Court sentenced Flemming to 175 months imprisonment.

## II.    Discussion[1]

### A.    The District Court Did Not Err in Sentencing Flemming Under the § 2D1.1 Enhancement for Crack Cocaine.[2]

Flemming argues that the District Court erred in sentencing him by improperly using an enhancement for "crack" cocaine under § 2D1.1 of the Sentencing Guidelines ("Guidelines").  Flemming believes that the District Court should not have used  § 2D1.1 in sentencing him for three reasons.  First, he contends that he "did not knowingly and intelligently agree to stipulate that the substance found in his vehicle was 'crack' as opposed to another form of cocaine."  (RB at 13.)  However, Flemming never indicated during sentencing that he did not understand the stipulation that he signed.  Furthermore, the stipulation clearly stated that he agreed that the substance found in the vehicle he was driving was tested at a lab and found to be crack cocaine.  Stipulated facts do not have to be submitted to a jury for a finding or verification as to truth, because both sides agree they are accurate.  *Cf. Virgin Islands v. Rosa*, 399 F.3d 283, 291 (3d Cir. 2005) ("[A]n explicit agreement or stipulation constitutes a waiver of rights if the defendant was aware of the right.").  Throughout trial, the judge, expert witness, and both counsel referred to the substance found in the vehicle as crack cocaine. (Appx. at 266, 201, 279-280, 282,

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] We review "for clear error the district court's finding that the substance . . . was crack, reversing only if we are left with a definite and firm conviction that a mistake has been made." *United States v. Dent*, 149 F.3d 180, 189 (3d Cir. 1998).

285-289, 294, 296, 299, 301, 312-313, 318, 321-322, 324, 355-357, 360.) Because the substance was constantly referred to as crack cocaine, not only in the stipulation, but also in the indictment and laboratory analysis, which were both provided to Flemming prior to entering into the stipulation, we cannot hold that the District Court committed clear error by finding that Flemming possessed crack cocaine.[3]

Flemming's second argument is that his sentence was erroneously based on the crack cocaine provisions of § 2D1.1 because the government failed to "prove beyond a reasonable doubt, or by a preponderance of the evidence" that the substance was crack cocaine. Flemming again maintains that the issue of whether the substance was "crack" cocaine or "simple" cocaine should have been decided by the jury. For the reasons already stated, Flemming's second argument is also without merit. Once he stipulated that the laboratory analysis determined that the seized substance was crack cocaine, he waived any right to have that issue considered by the jury.

Flemming's third argument is that the District Court failed to follow the sentencing process we have required since the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Flemming claims that, in accordance with *United States v. Gunter*,

---

[3] To the extent that Flemming argues an ineffective assistance of counsel claim, "[i]t has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack." *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). The practice of reviewing claims for ineffective assistance of counsel on direct appeal was discouraged by the United States Supreme Court in *Massaro v. United States*, 538 U.S. 500 (2003). Therefore, we will not consider Flemming's assertion that his stipulation was unknowing or involuntary due to his counsel's ineffectiveness.

6

462 F.3d 237 (3d Cir. 2006), the District Court should have considered what his sentence would have been using the powder cocaine Guideline as opposed to the "crack" Guideline. In *Gunter*, we held that "Post-*Booker* a sentencing court errs when it believes that it has no discretion to consider the crack/powder cocaine differential incorporated in the Guidelines ... ." *Id.* at 249. However, that holding does not require district courts to engage in multiple calculations of sentences for drugs not at issue in the case. Flemming never argued before the District Court that it should consider his sentence under the powder cocaine guidelines. But even if he had, the record does not indicate that the District Court believed it lacked discretion to consider the crack/powder cocaine Guidelines differential. Instead, the record indicates that Flemming knew that he was stipulating that the substance seized was crack cocaine, and that he did not contest his sentence on the basis that it was calculated under the pertinent crack cocaine Guideline. The record also indicates that the District Court conducted a sentencing analysis in compliance with *Gunter*. Therefore, we hold that Flemming was properly sentenced under U.S.S.G. § 2D1.1.

B.      The District Court Did Not Err in Denying Flemming's Motion to Suppress Evidence Seized.[4]

Flemming argues that, because the police lacked reasonable suspicion to stop his vehicle, the District Court erred in denying his pretrial motion to suppress. We conclude that, to the contrary, the District Court was correct in denying the motion to suppress. As the District Court noted during the suppression hearing, the officers observed Flemming drive without using his headlights for several blocks. Given that Flemming was driving at night, it was obviously reasonable for the officers to believe that Flemming's actions constituted a traffic violation. Because the officers provided specific articuable facts (driving at night without lights) to justify their reasonable suspicion that Flemming was committing a traffic violation, the District Court did not err in denying Flemming's motion to suppress the evidence seized after the stop.

---

[4] "This Court reviews the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercises plenary review of the District Court's application of the law to those facts." *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

C.      The District Court Did Not Err in Upholding the Jury Finding that Flemming possessed a Firearm in Furtherance of a Drug Trafficking Crime.[5]

Flemming argues that the government failed to prove that he possessed a firearm in furtherance of a drug trafficking crime because the government failed to produce evidence that there was a connection between the possession of the firearm and the underlying narcotics crime. Flemming's argument is unpersuasive, as the government showed that Flemming's gun and the drugs were hidden together in the same area, that they were immediately accessible to Flemming, and that the gun was loaded. *See United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004) (setting forth factors relevant in determining whether possession of a firearm was in furtherance of drug trafficking). Furthermore, the government provided expert testimony that it is typical for drug dealers to possess firearms to protect themselves and their drugs from other criminals. The evidence was sufficient to support the jury's conclusion. We affirm the District Court.

D.      The District Court Did Not Err in Upholding the Jury Finding that Flemming Possessed Crack Cocaine with the Intent to Distribute It.

Flemming argues that the government failed to prove beyond a reasonable doubt that he intended to distribute the crack cocaine found in his possession. Again, his argument is unpersuasive. The government provided evidence that Flemming possessed

---

[5] We apply a deferential standard of review when deciding whether a jury verdict is based on legally sufficient grounds. *See United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998).

crack cocaine which was individually packaged in 61 different vials and packets and located next to a gun. An expert testified that the nature of the drugs possessed by Flemming, lack of "use" drug paraphernalia near Flemming, proximity of the crack to a gun, and the manner in which the drugs were packaged are all indicative of a person possessing drugs not for personal use but for distribution. The evidence was clearly sufficient for a reasonable jury to find that Flemming possessed his crack cocaine with the intent to distribute it.

## III. Conclusion

For the reasons stated, we affirm the judgment and sentence imposed by the District Court.