NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4054
_____

UNITED STATES OF AMERICA

v.

TYE DAVIS,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-04-cr-00040-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 23, 2017

Before: HARDIMAN, ROTH, and FISHER, *Circuit Judges*.

(Filed: June 9, 2017)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Tye Davis appeals the District Court's order denying his motion for a sentence reduction. His counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Davis has not submitted a pro se brief. We will grant counsel's motion and affirm the order of the District Court.

I

In 2004, Davis pleaded guilty to charges of drug and weapons possession. The Probation Office prepared a Presentence Investigation Report (PSR) which calculated Davis's offense level as 33, yielding an advisory range of 210 to 262 months' incarceration under the United States Sentencing Guidelines. The Court imposed a bottom-of-the-Guidelines sentence of 210 months' imprisonment.

Following an appeal, we vacated Davis's sentence and remanded to the District Court for resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Davis*, 267 F. App'x 183 (2008). In anticipation of Davis's 2008 resentencing, the Government prepared a new PSR and, in so doing, realized for the first time that Davis was subject to the career offender enhancement. This enhancement increased Davis's Guidelines range from 210–262 months to 262–327 months. At the resentencing proceeding, the District Court adopted the new PSR that categorized Davis as a career offender, but granted Davis a downward variance, again sentencing him to 210 months' imprisonment. The Court imposed this sentence—the same as Davis's

original sentence based on the mistakenly lenient PSR—because it did not believe that Davis should be "punished [for] a mistake by the Court." App. 22.

Following resentencing, Davis again appealed, this time arguing that the District Court should have suppressed certain incriminating evidence. *United States v. Davis*, 393 F. App'x 895 (3d Cir. 2010). After noting that Davis had been sentenced as a career offender, *id.* at 896, we denied Davis's motion to suppress and affirmed the District Court's judgment of conviction and sentence, *id.* at 899. Davis then filed a petition under 28 U.S.C. § 2255(a), alleging that his counsel was ineffective at resentencing. The District Court rejected that petition, explaining that Davis could not show prejudice because he had been allowed to retain his mistakenly lenient 210-month sentence. *United States v. Davis*, 2012 WL 425181, at *1 (M.D. Pa. Feb. 9, 2012).

Finally, Davis filed the motion to reduce sentence that is before us now. He argued that Amendment 782 to the Guidelines—which reduced the base offense levels in the drug quantity table by two levels—should reduce his sentencing range to 100–125 months. The District Court rejected Davis's motion, reasoning that Davis did not qualify for a sentence reduction because of his career offender status.

Davis filed this appeal and his counsel moved to withdraw under *Anders*.

3

II[1]

When appointed counsel finds his client's appeal to be "wholly frivolous," he should "so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. When counsel moves to withdraw, we must determine whether: (1) "counsel adequately fulfilled the [*Anders*] requirements," and (2) "an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

To meet the first prong, counsel must thoroughly examine the record in search of appealable issues and explain why those issues are frivolous. 3d Cir. L.A.R. 109.2(a). "[C]ounsel need not discuss every possible issue," but rather must assure the Court that "no further discussion of other areas of the case is necessary." *United States v. Marvin*, 211 F.3d 778, 780–81 (3d Cir. 2000) (citations omitted).

With regard to this motion to reduce sentence under § 3582(c)(2), counsel notes that the only possible issue on appeal is Davis's eligibility for a sentence reduction. A district court may reduce a sentence under § 3582(c)(2) only if "two requirements are satisfied." *United States v. Flemming*, 617 F.3d 252, 257 (3d Cir. 2010). First, the sentence must have been "based on a sentencing range that has subsequently been

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and had jurisdiction to consider Davis's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Ortiz-Vega*, 744 F.3d 869, 870 n.1 (3d Cir. 2014). We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review to determine whether the record presents any "nonfrivolous issues." *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012).

lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Second, the sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Even if we assume Davis's sentence was "based on" a since-lowered guideline, as counsel noted, he is unable to satisfy the second requirement because a reduction would not be consistent with the applicable policy statement. The relevant policy statement provides that a "reduction in the defendant's term of imprisonment is . . . not authorized" if the amendment did "not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2). "[A]pplicable guideline range" is defined as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to [§] 1B1.1(a), which is determined *before* consideration of . . . *any variance*." USSG § 1B1.10 cmt. n.1(A) (emphases added).

Amendment 782 did not alter the Guidelines range for career offenders. *See United States v. Thompson*, 825 F.3d 198, 202 (3d Cir. 2016). At Davis's 2008 resentencing, the District Court adopted the new PSR that classified Davis as a career offender, and we later affirmed that "judgment of conviction and sentence." *Davis*, 393 F. App'x at 896, 899. Consequently, Davis's "applicable guideline range" is that of a career offender and is not affected by Amendment 782. Therefore, Davis is ineligible for a reduction pursuant to § 3582(c)(2). *See United States v. Flemming*, 723 F.3d 407, 412 (3d Cir. 2013). As noted in the Sentencing Commission policy statement, Davis's downward variance does not change this analysis. *See id.* at 411–13; *Thompson*, 825 F.3d at 204.

5

*　　*　　*

After our independent review of the record, we conclude that Davis is ineligible for a reduction in sentence and there are no nonfrivolous grounds for appeal. Accordingly, we will affirm the District Court's judgment and grant counsel's motion to withdraw.