**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1528

UNITED STATES OF AMERICA

v.

JUSTIN DENNIS,

Appellant.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-09-cr-00270-001)
District Judge:  Hon. Sylvia H. Rambo

Submitted under Third Circuit LAR 34.1(a)
on November 5, 2010

Before:  SCIRICA, RENDELL and ROTH, Circuit Judges

(Opinion filed: January 20, 2011)

O P I N I O N

**ROTH**, Circuit Judge:

Justin Dennis appeals the District Court's February 16, 2010, judgment of

sentence.  Dennis contends that his sentence is substantively unreasonable, because the

1

District Court abused its discretion in evaluating his criminal history under the United States Sentencing Guidelines (U.S.S.G. or the Guidelines). For the following reasons, we will affirm the judgment of sentence.

## I. Background

In the course of investigating crack cocaine distribution in Harrisburg, Pennsylvania, federal and state law enforcement agents became interested in Dennis. During the summer of 2009, agents used confidential informants to purchase crack cocaine from Dennis on four different occasions: one ounce on June 10; seven grams on July 10; seven grams on July 29; and fourteen grams on August 11. Dennis was arrested on August 24, 2009. Dennis subsequently waived his Miranda rights and admitted that he had been obtaining and distributing roughly an ounce of crack cocaine per week since January 2009.

Dennis later consented to a written plea agreement, filed October 9, 2009. Before the District Court, on October 19, 2009, Dennis pleaded guilty to a superseding information, which charged him with distributing and possessing, with intent to manufacture and distribute, cocaine base (21 U.S.C. § 841(a)(1)). Although Dennis acknowledged his earlier admission that he had been selling crack cocaine since January 2009, Dennis asserted before the District Court that this admission was inaccurate and that he had only been selling since May 2009.

After Dennis pleaded guilty, the Probation Office prepared the PSR and calculated Dennis's potential sentencing range under the 2009 Guidelines as 188 to 235 months. Based on Dennis's previous admission that between January 2009 and his arrest on

2

August 24, 2009 he was buying and distributing approximately one ounce of crack cocaine per week, the PSR estimated that Dennis had handled 794 grams of crack cocaine.

Dennis filed three primary objections to the PSR: (1) that the PSR improperly estimated the drug weight Dennis had distributed, as the PSR had relied on Dennis's allegedly inaccurate admission that he had been selling roughly an ounce of crack cocaine per week from January 2009 to the time of his arrest; (2) that the District Court should grant a variance based on the sentencing disparity between crack cocaine and powder cocaine; and (3), that the District Court should grant a variance because the resulting criminal history category overstated the seriousness of Dennis's past criminal conduct.

At the sentencing hearing, the District Court reduced the amount of crack cocaine to the estimated amount of drugs distributed from May to August. The court subtracted three points for Dennis's acceptance of responsibility in entering a guilty plea. As for Dennis's criminal history, the court assessed Dennis's past convictions and alleged criminal conduct on the record and denied his request to reduce his criminal history category as it stood in the PSR. Based on its conclusions, the court assigned an advisory guidelines range to Dennis of 151 to 188 months with three years of supervised release.

The court ultimately decided to depart downward from the Guidelines, and imposed a sentence of 140 months, to be followed by three years of supervised release. The court explained that it had departed from the Guidelines by one offense level on account of the disparate treatment for crack cocaine and powder cocaine under the

3

Guidelines, and "to avoid unwarranted sentencing disparities among [d]efendants which this Court has consistently applied a one-level variance."

Dennis appealed.

## II. **Jurisdiction and Standard of Review**

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. §§ 1291 and 3742(a).

We review a challenge to the reasonableness of a sentence under an abuse-of-discretion standard, with certain adjustment for strictly factual or legal conclusions. *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc).

## III. **Discussion**

"After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, (2005), we review sentences for 'reasonableness.'" *United States v. Lychock*, 578 F.3d 214, 217 (3d Cir. 2009). We conduct our review in two stages, considering first the procedural reasonableness, and second, the substantive reasonableness of a sentence. *Tomko*, 562 F.3d at 567; *see also United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Dennis does not contest the procedural reasonableness of his sentence. Rather he contends that his sentence was substantively unreasonable for two reasons: (1) that his sentencing range under the Guidelines overstates the seriousness of his criminal history and (2) that a subsequent amendment to the Guidelines – the deletion of U.S.S.G. § 4A1.1(e), a section which added points to the defendant's criminal history depending on

4

the recency of certain past criminal conduct – would have lowered his criminal history category had it been applied to his sentencing determination.[1]

Dennis's argument that his sentence is substantively unreasonable because his Guidelines range, as a qualitative matter, should have amounted to a lesser criminal history category is unavailing. The District Court adequately considered the totality of the circumstances, including the applicable Guidelines range and the § 3553(a) factors, in imposing the sentence. The District Court noted that Dennis had amassed six drug-related crimes over a short period of time and had engaged in a broader pattern of criminal conduct, which taken together evidenced a "total disregard for the law." Further, the District Court, upon Dennis's prompting, recommended that he receive drug treatment to deter him from future criminal conduct, and granted a downward departure of one offense level based on the disparity between crack cocaine and powder cocaine and to avoid unwarranted sentencing disparities. We conclude that the District Court imposed a substantively reasonable sentence.

Although Dennis asserts in his brief and 28(j) letter that subsequent amendments to the Guidelines – in particular the elimination of U.S.S.G. § 4A1.1(e) (recency points) and changes made in response to the Fair Sentencing Act of 2010, PL 111-220, 1234 Stat. 2372 (Aug. 3, 2010) – might have altered his Guidelines range, we review the "propriety

---

[1] To the extent that Appellant asserts an argument that the District Court should have granted a downward departure under § 4A1.3(b) of the Guidelines, we do not have jurisdiction to review such discretionary decisions, "unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure." *United States v. Grier*, 585 F.3d 138, 141 (3d Cir. 2009) (internal quotation omitted); *see also United States v. Jones*, 566 F.3d 353, 368 (3d Cir. 2009). It is evident that the District Court was aware of its discretion to depart from the Guidelines.

of a sentence" based on the Guidelines in effect at the time of sentencing. *Wise*, 515 F.3d at 220. We, therefore, conclude that the sentence the District Court imposed was well within its discretion.

## IV. Conclusion

For the reasons stated above, we will affirm the District Court's judgment of sentence.