**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3872
_____

UNITED STATES OF AMERICA

v.

JUSTIN DENNIS,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1-09-cr-00270-001)
District Judge:  Hon. Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 27, 2013

Before:  FUENTES, FISHER, and CHAGARES, Circuit Judges.

(Filed:  August 6, 2013)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Defendant Justin Dennis appeals the District Court's denial of his motion for a

reduction of sentence.  His attorney seeks to withdraw as counsel pursuant to Anders v.

California, 386 U.S. 738 (1967). For the reasons that follow, we will grant the motion to withdraw and affirm the denial of Dennis's motion for a reduction of sentence.

I.

Dennis pleaded guilty in October 2009 to one count of distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On February 16, 2010, Dennis was sentenced to 140 months of imprisonment, to be followed by a three-year period of supervised release. The District Court arrived at Dennis's sentence after assigning Dennis an advisory Sentencing Guidelines offense level of 28 and identifying him as a career offender. The District Court rejected defense counsel's argument at the sentencing hearing that the career-offender determination overstated Dennis's criminal history, reasoning that "this is a man who's just determined that he's just bound to break the law." Appendix ("App.") 32.

The sentencing court calculated Dennis's sentence in the following manner. Based on the court's finding that Dennis was responsible for between 150 and 500 grams of crack cocaine, Dennis's base offense level was determined to be 32. Dennis was designated a "career offender," a classification that did not increase his offense level, but added one level to his criminal history category, making it a VI. See U.S. Sentencing Guidelines § 4B1.1(b). Dennis also received a 3-point adjustment in offense level due to his acceptance of responsibility by pleading guilty, resulting in an offense level of 29. The court then applied a 1-point variance "based on the disparity between crack cocaine and powder cocaine," App. 42, making his final offense level 28. The court therefore found that Dennis's range under the advisory Sentencing Guidelines was between 140

2

and 175 months of imprisonment, and sentenced Dennis at the bottom of that range. Dennis appealed, and this Court affirmed his sentence. United States v. Dennis, 412 F. App'x 452 (3d Cir. 2011).

Dennis then filed a sentence reduction motion pro se under 18 U.S.C. § 3582(c). The court appointed the Federal Public Defender to represent him, and appointed counsel filed a brief to supplement Dennis's pro se motion. On September 18, 2012, the District Court denied the motion for a sentence reduction, holding that Dennis's offense level was based on his status as a career offender. Dennis appealed that decision, and his appointed counsel now moves to withdraw pursuant to Anders v. California.

## II.

Defense counsel may move to withdraw from representation if, after a thorough examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a); see also Anders, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."). When presented with an Anders motion to withdraw, we ask: (1) whether counsel has thoroughly examined the record for appealable issues and explained why any such issues are frivolous; and (2) whether an independent review of the record presents any nonfrivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). If "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself." Id. at 301 (quotation marks omitted).

3

III.

Dennis's appointed counsel seeks to withdraw from Dennis's appeal of the denied motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). The Anders brief submitted by counsel provides a detailed account of the facts and procedural history of the case, and identifies why a § 3582(c)(2) reduction is not warranted under these circumstances. We are satisfied that counsel has examined the record for appealable issues and has adequately explained why such issues are frivolous. We undertake our own thorough examination of the record to determine whether any nonfrivolous issues exist.

Dennis's § 3582(c) motion argued that Amendment 750 to the Sentencing Guidelines (amended by Amendment 759), which effectively reduced penalties in cases involving crack cocaine, should be applied to his case. Section 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , upon motion of the defendant . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

As the text of the statute indicates, eligibility for a reduction under § 3582(c)(2) requires, first, that the defendant's sentence be "based on a sentencing range" lowered by an amendment to the Sentencing Guidelines. Dennis's counsel points out that "Dennis was sentenced as a career offender," so that "his offense level and Guidelines range were

4

calculated based on the application of U.S.S.G. § 4B1.1, not § 2D1.1." Dennis Br. 9.[1]

The Government agrees. Indeed, in United States v. Mateo we held that a career-offender defendant's base offense level is "determined based on the alternative career offender offense level as stipulated by § 4B1.1," even where "the crack cocaine amendment ordinarily would have served to lower [the defendant's] base offense level." 560 F.3d 152, 154 (3d Cir. 2009). Even though a defendant's base offense level may be reduced by an amendment to the Sentencing Guidelines, "[t]o be entitled to a reduction of sentence, a defendant's sentencing range must have been lowered by recalculation based on the amended base offense level." Id.

A career offender's sentencing range is not lowered by application of the Guidelines amendment. In Dennis's case, application of a sentence reduction under Amendment 750 does not lower the applicable sentencing range because Dennis's "sentencing range was determined based on the alternative career offender offense level as stipulated by § 4B1.1" Id. Section 4B1.1, which the District Court properly consulted in sentencing Dennis, contains a table listing offense statutory maximums and corresponding offense levels. The provision requires that, when sentencing a defendant whose offense carries a given statutory maximum, if the offense level corresponding to the statutory maximum listed in the table is greater than the one calculated for the defendant at sentencing, the greater offense level listed in the § 4B1.1(b) table should be applied. Here, the Presentence Investigation Report concluded that Dennis's offense

---

[1] U.S.S.G. § 2D1.1 lists penalties for drug offenses. Amendment 750 (and Amendment 759) applies to § 2D1.1.

carried a maximum penalty of 20 years. See 21 U.S.C. § 841(b)(1)(C). The offense level corresponding to a 20-year maximum sentence in the § 4B1.1(b) table is 32, which is the same offense level calculated by the sentencing court — so that Dennis's career-offender status did not alter his offense level.

In his supplemental motion for a sentence reduction pursuant to § 3582(c)(2) before the District Court, Dennis argued that because "the offense level calculated pursuant to U.S.S.G. § 2D1.1 was higher" than the offense level listed in the § 4B1.1(b) table, the sentencing court used the § 2D1.1 offense level to determine Dennis's sentence. This is inaccurate because, as explained above, the base offense level under § 2D1.1 (properly calculated before the reduction for acceptance of responsibility) was identical to that listed in the § 4B1.1(b) table — 32. The base offense level assigned to Dennis is "based on" the career-offender provision and not § 2D1.1; the career-offender provision controls the offense-level calculation.

We recently considered whether a defendant sentenced as a career offender under § 4B1.1, who then receives a downward departure under § 4A1.3(b) because the career offender provision is inadequately applied to him, may take advantage of amendments to the Guidelines under § 3582(c)(2). See United States v. Flemming, No. 12-1118, 2013 WL 3779977 (3d Cir. July 22, 2013). In Flemming, we determined that "the 'applicable guideline range'" for a career-offender defendant who received a downward departure under § 4A1.3 "is the range calculated pursuant to the career offender designation of § 4B1.1., and not the range calculated after applying any departure or variance." Id. at *3 (emphasis added). In that case the parties agreed that Flemming's sentence was, indeed,

6

"based on" a sentencing range lowered by the Guidelines, since the § 4A1.3 departure was applied because the § 4B1.1 career-offender designation was found to overstate Flemming's criminal history. That is, "the proper Guidelines range was calculated by returning to the range based on the crack-cocaine offense levels." Id. at *1 (emphasis added). Thus the Flemming analysis does not apply, but even if it did, it would not make Dennis's claim arguably meritorious, since we concluded in Flemming that defendants who received the § 4A1.3 departure are nevertheless not entitled to § 3582(c)(2) relief.

Dennis's sentence, as explained above, was calculated based on the career-offender provision — not based on "a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Accordingly, he is not eligible for a sentence reduction pursuant to § 3582(c)(2). We hold that there are no issues of arguable merit to be appealed in this matter.

## IV.

For these reasons, we will affirm the District Court's denial of Dennis's motion for a reduction of sentence and grant counsel's motion to withdraw.