**PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1118
_____

UNITED STATES OF AMERICA,

v.

GLENN FLEMMING,
a/k/a Nasir Huggins

GLENN FLEMMING,

Appellant

_____

Appeal From Denial of Motion for Reduction of Sentence
Entered in the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 2:03-00148-001)
District Judge: Honorable Anita B. Brody
_____

Submitted Under Third Circuit LAR 34.1(a)
October 5, 2012
_____

Before: FUENTES, FISHER and COWEN, *Circuit Judges*

(Opinion Filed: July 22, 2013)

Peter Levin, Esq.
1927 Hamilton Street
Philadelphia, PA 19130

*Counsel for Appellant*

Robert Zauzmer, Esq.
Bernardette McKeon, Esq.
Office of the United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

*Counsel for Appellee*

OPINION OF THE COURT

FUENTES, *Circuit Judge*:

We are again asked to determine whether a certain category of defendants is eligible for a sentence reduction under 18 U.S.C. § 3582(c), given the lowered crack-cocaine guidelines issued by the Sentencing Commission under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Specifically, we consider individuals who were designated as career offenders under U.S.S.G. § 4B1.1 and

who were granted a downward departure from that designation pursuant to § 4A1.3. We conclude that the Guidelines' definition of "applicable guideline range," *see* U.S.S.G., app. C., amend. 759 (Nov. 1, 2011), makes clear that such defendants are not eligible for resentencing. We therefore affirm the District Court's denial of Appellant's motion.

## I.

### A. Flemming's Original Sentencing

Appellant Glenn Flemming's case is by now familiar to this Court. *See United States v. Flemming*, 256 F. App'x 453, 454-55 (3d Cir. 2007) (not precedential); *United States v. Flemming*, 617 F.3d 252, 254-55 (3d Cir. 2010) ("*Flemming II*"). In brief, Flemming was convicted in 2004 of one count of possessing with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C), and two firearm counts. Based on the offense levels for crack-cocaine set forth in § 2D1.1 of the 2001 edition of the Sentencing Guidelines—applicable to Flemming at the time of his original sentencing—Flemming's Guidelines range was calculated as 92 to 115 months' imprisonment. *See Flemming II*, 617 F.3d at 255. However, because Flemming had two prior controlled substances convictions, he was classified as a career offender under U.S.S.G. § 4B1.1(a).[1]

---

[1] Section 4B1.1(a) subjects a defendant to the career offender designation if: "(1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance

3

This enhancement increased his offense level from 24 to 34 and his criminal history category from V to VI, for a Guidelines range of 262 to 327 months.

Flemming moved for a downward departure pursuant to U.S.S.G. § 4A1.3, which in 2001 permitted a sentence departing from the "otherwise applicable guideline range" if the District Court found "reliable information . . . that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3 (2001). The District Court granted the motion and concluded that the proper Guidelines range was calculated by returning to the range based on the crack-cocaine offense levels, 92 to 115 months. *Flemming II*, 617 F.3d at 255-56. The Court then sentenced Flemming to 175 months in prison (115 months from the Guidelines range, consecutive to a 60 month term for one of the firearm convictions). We affirmed on direct appeal. *Flemming*, 256 F. App'x at 455-58.

## B.    First Resentencing And Instant Motion

In 2007, the Sentencing Commission issued Amendment 706, lowering by two the base offense levels for most crack-cocaine offenses, and it later made that amendment retroactive. *See* U.S.S.G. app. C, amend. 706 (Nov. 1, 2007); U.S.S.G. app. C., amend. 713 (May 1, 2008). Flemming then moved for a reduction of sentence under 18

---

offense; and (3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

4

U.S.C. § 3582(c)(2) on the basis of these amendments. As explained below, we ultimately ruled that Flemming was eligible for a reduction. *See Flemming II*, 617 F.3d at 272. On remand, the District Court recalculated the Guidelines range as 77 to 96 months based on the new crack-cocaine tables and sentenced Flemming to 137 months in prison (77 months from the Guidelines range and a consecutive 60 month sentence for one of the firearm convictions).

In 2010, the Sentencing Commission issued Amendment 750 to the Guidelines, further lowering the base offense levels for most crack-cocaine offenses by two, and, subsequently, the Sentencing Commission also made that amendment retroactive. *See* U.S.S.G. app. C, amend. 750 (Nov. 1, 2011); U.S.S.G. app. C., amend. 759 (Nov. 1, 2011). Flemming then filed a second motion for a reduction of sentence, which the District Court denied. This appeal followed.

## II.

While district courts are generally prohibited from "modify[ing] a term of imprisonment once it has been imposed," a defendant may be eligible for a reduction of sentence if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and if "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *Flemming II*, 617 F.3d at 257. If these two requirements are met, it is in the sentencing court's discretion whether to resentence. *Id.* The parties dispute

5

whether a reduction in cases like Flemming's is consistent with the Commission's applicable policy statements.[2]

The Sentencing Commission has stated that a reduction in sentence pursuant to a retroactive amendment to the Guidelines is *not* consistent with its policy statements unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Thus, the narrow question here is whether amendments to the crack-cocaine guidelines, such as Amendment 750, have the effect of lowering the "applicable guideline range" of a defendant subject to the career offender designation, but who received a downward departure under § 4A1.3. As they did in *Flemming II*, the parties seem to agree that, if "applicable guideline range" refers to the range calculated based on the enhancements provided by the career offender designation, then Flemming is not eligible for resentencing because Amendment 750 *did not* have the "effect of lowering" that range. Conversely, if the phrase refers to the range calculated pursuant to the crack-cocaine offense level, after Flemming received a departure under § 4A1.3, then Flemming is eligible for resentencing because Amendment 750 *did* have the effect of lowering that range.

We confronted these arguments in *Flemming II*, and we reiterate them here because they constitute the basis of Flemming's instant motion. In *Flemming II*, given that the Guidelines did not then define the term "applicable guideline range," Flemming urged us to look to the Guidelines'

---

[2] The parties agree that the first part of this test is met because Flemming's sentence was "based on" a sentencing range that has been lowered. *See* Gov't Br. at 15.

Application Instructions, contained in § 1B1.1, for "guidance in determining the point at which a defendant's 'applicable guideline range' is determined." *Flemming II*, 617 F.3d at 261. As they do today, the Application Instructions in effect at the time of *Flemming II* directed sentencing courts to "apply the various provisions and chapters of the Guidelines in a specific order." *Id.* (citation omitted). Namely, at step 6 of the calculation, a sentencing court was required to "[d]etermine the defendant's criminal history category as specified in Part A of Chapter Four" and "[d]etermine from Part B of Chapter Four any other applicable adjustments." U.S.S.G. § 1B1.1(f) (2001).[3] We thus credited Flemming's argument that because the downward departure of § 4A1.3 is contained in Part A of Chapter Four, "one plausible reading of the Application Instructions [is that] sentencing courts are directed to apply § 4A1.3 departures at step [6]." *Flemming II*, 617 F.3d at 264. Flemming was eligible for resentencing under this line of reasoning because the "applicable guideline range" is calculated after step 6 and therefore corresponds to the crack-cocaine guideline calculated under § 2D1.1 and lowered by Amendment 706.[4] We nevertheless further noted

---

[3]     At the time of *Flemming II*, the Application Instructions' steps were designated as (a) through (h), but, on November 1, 2010, they were re-designated as (1) through (8) in order to "adopt[] the three-step approach followed by a majority of circuits in determining the sentence to be imposed." U.S.S.G. app. C, amend. 741 (Nov. 1, 2010).

[4]     At the time *Flemming II* was decided, the "implication of our reasoning in *Doe* [was] that a defendant's 'applicable guideline range,' for purposes of § 1B1.10, has been set once a court finishes applying step [8]" of § 1B1.1(a). *Flemming*

that the provisions of § 4A1.3 are also considered a "policy statement" under the Guidelines and that the Application Instructions direct sentencing courts to consider policy statements only *after* the applicable guideline range calculation has taken place, *see* U.S.S.G. § 1B1.1(b) (2010). We reasoned that, therefore, Flemming was not eligible for resentencing to the extent the instructions could be interpreted to direct calculation of an "applicable guideline range" at step 8, based on the pre-§ 4A1.3 departure from the career offender levels. After analyzing other relevant provisions of the Guidelines, we concluded that the Guidelines as a whole were "grievously ambiguous and uncertain as to whether Flemming's applicable guideline range is his pre- or post-§ 4A1.3 departure range," and thus held that he was eligible for resentencing based on the rule of lenity. *Fleming II*, 617 F.3d at 270 (formatting and citation omitted).

In this second motion for resentencing, Flemming essentially reiterated the arguments he made in *Flemming II*. The District Court, however, denied the motion, concluding that the Commission's new definition of "applicable guideline range," added to the Guidelines by Amendment 759, makes clear that it lacks authority to resentence defendants such as Flemming under § 3582(c)(2). We now exercise plenary review over that conclusion. *See United States v. Savani*, No. 11-4359, __ F.3d __, __, 2013 WL 2462941, *4 (3d Cir. June 10, 2013).[5]

---

*II*, 617 F.3d at 262 (citing *United States v. Doe*, 564 F.3d 305 (3d Cir. 2009)).

[5] The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

**III.**

Although Flemming's argument would otherwise be controlled by our holding in *Flemming II*, the new definition of "applicable guideline range" supersedes our reading of the Guidelines there and requires us to revisit that decision. *See Savani*, 2013 WL 2462941, at \*1, \*5 (holding that the new definition of "applicable guideline range" supersedes our holding in *Doe*, 564 F.3d at 305). We now reconsider *Flemming II* in light of Amendment 759.[6]

"Applicable guideline range" is now defined as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure

---

[6] Since Amendment 759 was enacted, we have considered the resentencing eligibility of defendants like Flemming, but we have not had occasion to revisit *Flemming II* in light of Amendment 759. In *United States v. Ware*, for example, we assumed without deciding that Amendment 759's definition of "applicable guideline range" rendered offenders such as Flemming ineligible for resentencing and addressed only whether the Amendment is binding. 694 F.3d 527, 531-32 (3d Cir. 2012). And in *United States v. Barney*, we determined the effect of another amendment to the Guidelines, Amendment 651, on the eligibility of prisoners in Flemming's position, a question we left open in *Flemming II*. 672 F.3d 228 (3d Cir. 2012). *Barney* does not dispose of Flemming's case because in *Flemming II* we held that we may not consider Amendment 651 for purposes of determining Flemming's eligibility for resentencing. *See Flemming II*, 617 F.3d at 267, 271 n.26.

9

provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n. 1(A) (2011); *see also* U.S.S.G. app. C., amend 759 (Nov. 1, 2011). We recently interpreted this language in the context of prisoners subject to statutory minimums but sentenced below that range pursuant to a substantial assistance motion filed by the Government under U.S.S.G. § 5K1.1. *See Savani*, 2013 WL 2462941, at *2. In *Savani*, we concluded that we were unable to determine whether the words "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a)" refer to the calculation mandated at step (7) of the Application Instructions, § 1B1.1(a)(7), or to the calculation performed after including "all eight steps delineated under § 1B1.1(a), including § 1B1.1(a)(8)." *Id.* at *6. This case involves a slightly different question. Whereas in *Savani* we had to determine whether the "applicable guideline range" is calculated at step (7) or step (8) of § 1B1.1(a), the question here is whether the § 4A1.3 departure is calculated at step (6) before the "applicable guideline range" is determined at steps (7) or (8), or whether it is calculated at § 1B1.1(b), entirely after the "applicable guideline range" has been determined.

The definition of "applicable guideline range" does not on its face address whether a § 4A1.3 departure calculation is properly understood as occurring at either step (6) or § 1B1.1(b). However, the definition does state that the applicable guideline range is "determined *before* consideration of *any departure provision* in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n. 1(A) (2011) (emphasis added). This language makes clear that regardless of when a § 4A1.3 departure is calculated, that departure is ignored for purposes of determining the

10

"applicable guideline range." Accordingly, the "applicable guideline range" for a defendant like Flemming is the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance. Flemming's arguments that § 4A1.3 departures are somehow different simply ignore the unequivocal rejection of the consideration of "any departure provision" when determining the "applicable guideline range."

In other words, under Flemming's view of the order in which sentencing occurs for career offenders, a sentencing court does three things at step (6) of § 1B1.1(a). First, the court calculates the criminal history category under § 4A1.1; second, it enhances the criminal history category and offense level based on the career offender designation of § 4B1.1; and, third, the court departs downward from that category based on § 4A1.3. The court subsequently calculates a Guidelines range under step (7). To be sure, this understanding of the manner in which sentencing occurs in practice continues to be "plausible." *Flemming II*, 617 F.3d at 264. The problem for Flemming is that, although a sentencing court may calculate the guidelines range the defendant is sentenced under after considering departures and variances, the Guidelines now make clear that this final determination of the defendant's range is not the "applicable guideline range" that courts may consider in evaluating a sentence reduction motion.[7]

---

[7] The difference between the defendants in *Savani* and defendants like Flemming is inherent in the structure of the Guidelines. For the former, the court determines a Guidelines range at step (7) or (8) *before* it applies any departure,

11

Our reading is further confirmed by the Commission's stated reason for adding the new definition of applicable guideline range: to "adopt[] the approach of [other] Circuits" holding that career offenders granted § 4A1.3 departures are not eligible for resentencing. U.S.S.G. app. C., amend. 759. Flemming offers no persuasive argument to the contrary, particularly given that most of his contentions are based on pre-Amendment 759 cases or readings of the Guidelines. *See, e.g.*, Flemming Br. at 14 (citing *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010)). Indeed, our holding is consistent with that of the Second Circuit, which considered the exact question presented here in light of Amendment 759. *See United States v. Steele*, 714 F.3d 751 (2d Cir. 2013) (per curiam) (relying on definition of "applicable guideline range" to hold that defendants such as Flemming are not eligible for resentencing).

**IV.**

For the foregoing reasons, we will affirm the District Court's order denying Flemming's motion for resentencing.

---

including § 5K1.1 departures. For the latter, by contrast, the court is not mandated to calculate a Guidelines range until *after* it has reached the career offender enhancement. *See Savani*, 2013 WL 2462941, at *13 (Fuentes, J., concurring).

12