**ALD-351**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1511
_____

UNITED STATES OF AMERICA


v.

IVAN LUGO,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-11-cr-00080-004)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted on Motion for Summary Action Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6
September 23, 2015

Before: CHAGARES, SCIRICA and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 13, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Ivan Lugo, a federal prisoner proceeding pro se, appeals the District Court's order denying his motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will summarily affirm.

I.

Lugo pled guilty to one count of conspiracy to distribute oxycontin, in violation of 21 U.S.C. § 846. After reviewing the Presentence Investigation Report (PSR), the District Court determined that Lugo qualified as a career offender based on two qualifying drug offenses. Under that designation, Lugo's range under the U.S. Sentencing Guidelines was 151 months to 188 months. After considering the arguments of the parties, Lugo's allocution, and the sentencing factors under 18 U.S.C. § 3553(a), the District Court determined a variance was appropriate and sentenced Lugo based on the quantity of drugs stipulated to in the plea agreement and a Category IV criminal history, which was where Lugo fell without the career offender designation. As a result, he received a sentence of 84 months.

In November 2014, Lugo filed a motion under 18 U.S.C. § 3582(c)(2). He sought to have his sentence reduced based on Amendment 782 to the U.S. Sentencing Guidelines, which lowered by two the base offense assigned to particular drug quantities. The District Court denied the motion because Lugo's original Guidelines range was

based on his career offender status. Lugo appealed. The Government has moved for summary affirmance of the District Court's order.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of a motion for reduction of sentence under § 3582(c)(2) for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). If a district court concludes that a defendant is not eligible for relief under § 3582(c)(2), our review is plenary. United States v. Weatherspoon, 696 F.3d 416, 421 (3d Cir. 2012).

## III.

A district court generally cannot modify a term of imprisonment once it has been imposed; a defendant may be eligible for a reduction pursuant to 18 U.S.C. § 3582(c) under certain circumstances, however. Section 3582(c) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d. Cir. 2013).

Lugo fails to meet § 3582(c)(2)'s second criterion, as a reduction in his sentence would not be "consistent with the applicable policy statements issued by the Sentencing Commission." The relevant "applicable policy statement[]" makes clear that a reduction

3

in a sentence following a retroactive Guidelines amendment is inconsistent with the Commission's policy statements unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Thus, the "question here is whether amendments to the… guidelines… have the effect of lowering the 'applicable guideline range' of a defendant subject to the career offender designation," who received a downward departure or variance. See Flemming, 723 F.3d at 410.

The Sentencing Guidelines define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A). As in Flemming, the "applicable guideline range" is "the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance." 712 F.3d at 412. The fact Lugo received a downward variance from the career offender guideline does not change the applicable guideline range under which his sentence was calculated. See id. We agree with the Government that Lugo's request for relief is foreclosed by our decision in Flemming.

IV.

4

For the foregoing reasons, we grant the Government's motion for summary affirmance, and we will summarily affirm the District Court's order denying Lugo's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).