**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2688
_____

UNITED STATES OF AMERICA

v.

MICHAEL RINALDI,
                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-98-cr-00294-002)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 19, 2015

Before:  AMBRO, GREENAWAY, JR. and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 1, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Michael Rinaldi appeals the District Court's order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and our review is plenary. United States v. Savani, 733 F.3d 56, 60 (3d Cir. 2013). For the reasons detailed below, we will affirm.

In June 1999, a jury in the Middle District of Pennsylvania found Rinaldi guilty of conspiracy to distribute and possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846, distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), using a firearm during and in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c), and possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1). After reviewing the Presentence Investigation Report (PSR) and two addenda, the District Court determined that Rinaldi qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines. Based on that designation, Rinaldi's Guidelines range was 360 months to life imprisonment. However, the District Court concluded that Rinaldi's career-offender status significantly over-represented his criminal history. The Court therefore departed downward, and sentenced Rinaldi to an aggregate term of 248 months' imprisonment. This sentence is within the Guidelines range that would have applied if Rinaldi were not a career offender. On direct appeal, we affirmed. United States v. Rinaldi, 248 F.3d 1131 (3d Cir. 2000) (unpublished table decision).

Rinaldi has since challenged his conviction and sentence in a variety of ways. As relevant here, Rinaldi filed a motion under § 3582(c)(2) based on Amendment 782 to the

2

Guidelines, which reduced the offense levels assigned to most drug quantities under U.S.S.G. § 2D1.1(c) by two levels. The District Court denied Rinaldi's motion. Rinaldi then filed a timely notice of appeal.[1]

We agree with the District Court's decision to deny Rinaldi's motion. A district court generally cannot "modify a term of imprisonment once it has been imposed" unless a defendant is eligible for a reduction pursuant to § 3582(c). Section 3582(c)(2) allows for a reduction if (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013).

Here, a reduction in Rinaldi's sentence would not be "consistent with applicable policy statements issued by the Sentencing Commission." A reduction in a sentence is not consistent with the relevant policy statement unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual." U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added); see also U.S.S.G. § 1B1.10 cmt. n.6. As we have held in similar cases, this means that Rinaldi's applicable guideline

---

[1] The District Court permissibly granted Rinaldi's motion for an extension of time to file an appeal under Rule 4(b)(4) of the Federal Rules of Appellate Procedure, and Rinaldi filed within the time prescribed by the District Court.

range is the "range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance." Flemming, 723 F.3d at 412; see also United States v. Ware, 694 F.3d 527, 534 (3d Cir. 2012).[2] Accordingly, Amendment 782 — which alters the offense levels for drug crimes but does not affect the offense levels for career offenders — would not lower Rinaldi's applicable guidelines range, and it would thus be contrary to the applicable policy statement to reduce Rinaldi's sentence.

We will therefore affirm the District Court's judgment.

---

[2] Contrary to Rinaldi's contentions, the Second Addendum to the PSR, the sentencing hearing, and the District Court's statement of reasons in support of its sentence all make clear that the District Court determined that Rinaldi was a career offender but then departed downward because the Court believed that the career-offender designation over-represented Rinaldi's criminal history. Accordingly, we agree with the Government that Rinaldi's "applicable guideline range" is the range calculated under the career-offender provisions.