ALD-150                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3074
_____

UNITED STATES OF AMERICA


v.

HECTOR RENGIFO,
                                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1:13-cr-00131-001)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 19, 2016

Before: AMBRO, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 23, 2016)
_____

OPINION[*]
_____

PER CURIAM

Hector Rengifo, a federal prisoner proceeding pro se, appeals the District Court's

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

order denying his motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Because the appeal does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

Hector Rengifo pleaded guilty to one count of possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The District Court determined that Rengifo was a career offender pursuant to U.S.S.G. § 4B1.1(b)(3) with an applicable guideline range of 151 to 188 months. However, the District Court granted a variance from the Guideline range because his criminal history was overstated and sentenced him to 120 months' imprisonment. Rengifo appealed, and his appeal of his sentence is currently pending before this Court. United States v. Rengifo (C.A. No. 15-1779).

Rengifo then sought a reduction of sentence under § 3582(c)(2) based on Amendment 782 to the Guidelines, which reduced the offense levels assigned to most drug quantities under U.S.S.G. § 2D1.1(c) by two levels. The District Court denied the motion, explaining that, despite the variance he received, Rengifo's Guidelines range was based on the career-offender guidelines and that Amendment 782 did not affect the applicable career-offender guideline range.

Rengifo appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] In considering the denial of Rengifo's § 3582(c)(2) motion, we exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and otherwise review the

---

[1] The District Court granted Rengifo's motion for an extension of time to file an appeal under Rule 4(b)(4) of the Federal Rules of Appellate Procedure and deemed his notice of

2

denial of relief for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We may summarily affirm the District Court's ruling if there is no substantial question presented on appeal. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The District Court did not abuse its discretion in denying Rengifo § 3582(c)(2) relief because Amendment 728 does not lower his sentencing range. A district court generally cannot "modify a term of imprisonment once it has been imposed" unless a defendant is eligible for a reduction of sentence pursuant to § 3582(c). 18 U.S.C. § 3582(c). Section 3582(c)(2) allows for a reduction if (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013). A reduction in sentence is not consistent with the relevant policy statement unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

The Sentencing Guidelines define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined *before* consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added). Here, the applicable guideline range is "the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying

appeal timely filed.

3

any departure or variance." <u>Flemming</u>, 723 F.3d at 412. As the District Court noted, the fact that Rengifo received a downward variance does not change the applicable Guideline range under which his sentence was calculated. Amendment 782, which alters the offense levels for drug crimes but does not affect the offense levels for career offenders, would not lower Rengifo's applicable Guidelines range, and it would thus be contrary to the applicable policy statement to reduce Rengifo's sentence. Accordingly, the District Court did not err in denying Rengifo's motion pursuant to § 3582(c)(2).

For these reasons, we will affirm the District Court's order.

4