BLD-184                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3806
_____

UNITED STATES OF AMERICA

v.

BORN ISLAM RUSH,
                                            Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 3-09-cr-00174-002)
District Judge:  Honorable Anne E. Thompson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2016

Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Filed: March 23, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On January 24, 2011, Born Islam Rush pleaded guilty to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841. Prior to sentencing, the parties agreed that the appropriate base offense level under the United States Sentencing Guidelines would be 26 if the court relied on the drug quantity table, U.S.S.G. § 2D1.1(c)(7) (Nov. 1, 2010). The parties further agreed, however, that if the District Court designated Rush a "career offender"—as the pre-sentence investigation report recommended—his base offense level would increase to 34. See id. § 4B1.1(b)(2). In either case, Rush would be entitled to a three-level reduction for acceptance of responsibility and assistance with the investigation. See id. § 3E1.1(b).

At sentencing, the District Court determined that Rush was a career offender, but varied downward and designated a base offense level of 23. The court sentenced him to 96 months' imprisonment, a sentence toward the bottom of the Guidelines' range (92-115 months).

In November 2014, Rush submitted a letter to the District Court clerk asking to be "appointed counsel or referred to the office of legal counsel to be represented in the matter of all drugs minus 2 level amendment." (Lttr; ECF No. 43.) The District Court characterized Rush's request as a motion to reduce his sentence pursuant to Amendment 782,[1] see 18 U.S.C. § 3582(c)(2), and referred it to the Office of the Public Defender. Upon review, the Public Defender's Office determined that Rush was not eligible for

---

[1] Amendment 782 to the Guidelines reduced by two levels the offense levels assigned to most drug quantities under U.S.S.G. § 2D1.1(c). See U.S.S.G. § 2D1.1(c) & app. C. supp., amends. 782, 788 (2014).

relief under § 3582(c)(2) because his Guidelines range was based on the career-offender Guideline, U.S.S.G. § 4B1.1, not the drug-quantity table revised by Amendment 782, id. § 2D1.1(c)(3). The District Court agreed and denied Rush's motion.

Rush moved for reconsideration, insisting that he had in fact been sentenced under § 2D.1(c)(3). Rush also objected to the District Court's characterization of his motion for appointment of counsel to assist him in § 3582(c)(2) proceedings as a § 3582(c)(2) motion itself.

In light of Rush's motion for reconsideration, the District Court directed the Defender's Office to further explain the basis for its determination that Rush was sentenced as a career offender. In response, the Defender's Office stated that both the sentencing transcript and Probation Office's Report of Sentence make clear that the sentencing court did not rely on the drug-quantity tables in § 2D1.1(c)(3). The District Court agreed and denied Rush's request for reconsideration. The court did not address Rush's complaint that it had mischaracterized his motion for appointment of counsel.

Rush then filed the motion at issue here, a § 3582(c)(2) motion labeled as such, again arguing that the court had mischaracterized his counsel motion, and again asking the court to grant him relief under § 3582(c)(2). The District Court determined that Rush was procedurally barred from bringing this motion based on the law of the case doctrine. See Pub. Interest Research Grp. of N.J. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997) ("The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation."). In applying the law-of-the-case

3

doctrine, the court recognized that reconsideration of a previously decided issue is warranted in certain extraordinary circumstances, see Bridge v. U.S. Parole Comm'n, 981 F.2d 97, 103 (3d Cir. 1992), and considered whether its decision to characterize Rush's counsel motion constituted such an extraordinary circumstance, but concluded that it did not because Rush was not prejudiced in any way by the court's action. Rush now appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In considering the denial of Rush's § 3582(c)(2) motion, we exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and otherwise review the denial of relief for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We may summarily affirm the District Court's rulings if there is no substantial question presented on appeal. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. We may affirm on any basis supported by the record. See Erie Telecomms., Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988).

Upon review, we agree with the District Court that Rush was not prejudiced by the District Court's adjudication of his motions because he is not entitled to a reduction of sentence under Amendment 782. Generally, a district court cannot "modify a term of imprisonment once it has been imposed" unless a defendant is eligible for a reduction of sentence pursuant to § 3582(c). Section 3582(c)(2) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission;" and (2) "a reduction is consistent with applicable policy

4

statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013). A reduction in sentence is not consistent with the relevant policy statement unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Sentencing Guidelines define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added).

Here, the applicable guideline range is "the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance." Flemming, 723 F.3d at 412. As the District Court noted, the fact that Rush received a downward variance does not change the applicable guideline range under which his sentence was calculated. Amendment 782, which alters the offense levels for drug crimes but does not affect the offense levels for career offenders, would not lower Rush's applicable guidelines range, and it would thus be contrary to the applicable policy statement to reduce his sentence. Accordingly, the District Court did not err in denying Rush's motion pursuant to § 3582(c)(2).

Because this appeal presents no substantial question, we will summarily affirm the District Court's order. See Third Cir. LAR 27.4 and I.O.P. 10.6.