BLD-300                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1104
_____

UNITED STATES OF AMERICA

v.

JEREMY RODRIGUEZ,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-03-cr-00271-001)
District Judge: Honorable Anita B. Brody
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 23, 2016

Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: July 6, 2016)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jeremy Rodriguez, a federal prisoner proceeding pro se, appeals the District Court's order denying his motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will summarily affirm.

I.

In 2004, Rodriguez pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and three Title 21 drug offenses. After reviewing the Presentence Investigation Report (PSR), the District Court determined that Rodriguez qualified as both a career offender, see U.S.S.G. § 4B1.1, and an armed career criminal, see 18 U.S.C. § 924(e), based on his prior drug convictions. Under the career offender designation, which determined Rodriguez's range under the U.S. Sentencing Guidelines, he faced a term of 262 months to 327 months. After considering the arguments of the parties, Rodriguez's allocution, and the sentencing factors under 18 U.S.C. § 3553(a), the District Court determined a variance was appropriate and sentenced Rodriguez to a mandatory minimum of 180 months on the felon-in-possession count followed by a mandatory minimum of 60 months on the § 924(c) charge, for a total sentence of 240 months. The District Court also sentenced Rodriguez to 180 months on each of the three drug offenses, with those sentences to run concurrently with the one for the felon-in-possession conviction.

In February 2015, Rodriguez filed a motion under 18 U.S.C. § 3582(c)(2). He sought to have his sentence reduced based on Amendment 782 to the U.S. Sentencing

Guidelines, which lowered by two the base offense assigned to particular drug quantities. In a brief order, the District Court denied the motion because Rodriguez's sentence was determined by the applicable mandatory minimums. Rodriguez then sought reconsideration, and the District Court denied that motion. Rodriguez appeals from both orders.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and otherwise review the denial of relief for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review the denial of a motion for reconsideration for abuse of discretion. Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015). We may summarily affirm the District Court's order if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

The District Court did not err in denying Rodriguez § 3582(c)(2) relief because Amendment 782 does not lower his sentencing range. A district court generally cannot "modify a term of imprisonment once it has been imposed" unless a defendant is eligible for a reduction of sentence pursuant to § 3582(c). 18 U.S.C. § 3582(c). Section 3582(c)(2) allows for a reduction if (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

3

18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013). A reduction in sentence is not consistent with the relevant policy statement unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

The Sentencing Guidelines define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A). Here, the applicable guideline range is "the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance." Flemming, 723 F.3d at 412. Amendment 782, which alters the offense levels for drug crimes but does not affect the offense levels for career offenders, would not lower Rodriguez's applicable Guidelines range, and it would thus be contrary to the applicable policy statement to reduce Rodriguez's sentence. Furthermore, as the District Court determined, a sentence reduction under § 3582(c)(2) is also precluded by the applicable mandatory minimums on the two firearms charges. Accordingly, the District Court did not err in denying Rodriguez's motion pursuant to § 3582(c)(2).[1]

_____

[1] In a motion before the District Court, Rodriguez asked the District Court to consider whether he was eligible for relief under Johnson v. United States, 135 S.Ct. 2551 (2015). The District Court declined to address the issue, and Rodriguez has now attached his motion to a filing in this Court. The District Court did not err because Johnson is not a proper basis for relief under § 3582(c)(2). In any event, Rodriguez appears ineligible for relief under Johnson. In that case, the Supreme Court held that part of the Armed Career

IV.

For the foregoing reasons, we will summarily affirm the District Court's orders

denying Rodriguez's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and

denying reconsideration of that decision.

---

Criminal Act's definition of "violent felony" violated due process because it was unconstitutionally vague.  Id. at 2562-63; see 18 U.S.C. § 924(e)(2)(B).  However, Rodriguez was sentenced based on three prior serious drug offenses, not "violent felonies."  See 18 U.S.C. § 924(e)(2)(A).  That provision of § 924(e) was not affected by Johnson.