BLD-285                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1295
_____

UNITED STATES OF AMERICA

v.

WALTER ALSTON BROWN, JR.,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:13-cr-00176-004)
District Judge:  Honorable Berle M. Schiller

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 22, 2017

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: August 8, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Walter Alston Brown, Jr., a federal prisoner proceeding pro se, appeals from the District Court's denial of his motion for a sentence reduction filed under 18 U.S.C. § 3582(c)(2). We will summarily affirm the District Court's judgment.

Brown was convicted by a jury of one count of conspiracy to commit loan fraud and wire fraud, in violation of 18 U.S.C. § 371, one count of making a false statement in connection with an FHA loan, in violation of 18 U.S.C. §§ 1010 and 2; five counts of loan fraud, in violation of 18 U.S.C. § 1014; and two counts of tax evasion, in violation of 26 U.S.C. § 7201. He was sentenced to 180 months of imprisonment and ordered to pay $7,213,123 in restitution and an additional $31,903 to the IRS. We affirmed Brown's conviction. United States v. Brown, 661 F. App'x 190 (3d Cir. 2016).

On December 27, 2016, Brown filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of sentence. Brown relied on Sentencing Guideline Amendment 791, which amended several monetary tables in Chapter Two of the guidelines to account for inflation, Amendment 792, which, inter alia, amended the "sophisticated means" offense characteristic of Section 2B1.1(b)(10)(c), and Amendment 794, which amended the "mitigating role" reduction in Section 3B1.2. U.S.S.G. app. C. supp., amends. 791, 792, 794. The District Court denied the motion. Brown appealed. Before us now is the appellee's motion for summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We generally review a district court's denial of a motion for reduction of sentence under § 3582(c)(2) for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). When a district

2

court concludes that a defendant is not eligible for relief under § 3582(c)(2), however, our review is plenary. United States v. Weatherspoon, 696 F.3d 416, 421 (3d Cir. 2012).

A district court generally cannot modify a term of imprisonment once it has been imposed, but a defendant may be eligible for a reduction of sentence pursuant to § 3582(c) if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013). The relevant policy statement permits a reduction of sentence under § 3582(c)(2) only when the amendment that reduces the applicable guidelines range is among those listed in U.S.S.G. § 1B1.10(d) (formerly § 1B1.10(c)). See United States v. Wise, 515 F.3d 207, 221 & n.11 (3d Cir. 2008).

Brown is not eligible for a sentence reduction, as the Sentencing Commission has not listed Amendments 791, 792, or 794 in U.S.S.G. § 1B1.10(d) as amendments that apply retroactively.[1] See U.S.S.G. § 1B1.10(d). Accordingly, the District Court did not err in denying Brown's motion.

Brown's arguments on appeal do not alter this result. Brown argues that he should have been given the benefit of the amendments, as they went into effect while his direct appeal was pending, but he did not request a remand during his direct appeal, and he

---

[1] In his brief, Brown also cites Amendment 790, but he did not present this basis for reduction to the District Court. Even if this argument were not waived, Amendment 790

cannot now obtain a reduction of sentence under § 3582(c), as we have explained above. To the extent Brown attempts to raise an ex post facto claim or to assert that counsel was ineffective for failing to seek a remand, he has not provided a basis for a sentence reduction; such claims would instead be properly brought in a 28 U.S.C. § 2255 motion.

For the foregoing reasons, we will grant the motion for summary affirmance and affirm the District Court's order denying Brown's motion for a reduction of sentence.

---

also has not been made retroactive.