CLD-144                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3426
_____

UNITED STATES OF AMERICA

v.

RAYMOND MAINOR,
                                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-06-cr-00140-001)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 9, 2018
Before:  CHAGARES, GREENAWAY, JR. and GREENBERG, <u>Circuit</u> <u>Judges</u>


(Opinion filed: June 1, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Raymond Mainor, a federal prisoner proceeding pro se, appeals from an order of the United States District Court for the Eastern District of Pennsylvania denying his motion under 18 U.S.C. § 3582(c)(2) for a reduction in sentence. Because the appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2007, Mainor was convicted in federal court of four counts of distribution of, and possession with intent to distribute, cocaine, in violation of 21 U.S.C. § 841(a)(1); four counts of distribution of, and possession with intent to distribute, within 1,000 feet of a school, cocaine, in violation of 21 U.S.C. § 860(a); possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Because he had a prior conviction for a felony drug offense, Mainor faced a mandatory minimum penalty of 240 months' imprisonment for the drug offenses,[1] plus a mandatory consecutive penalty of 60 months' imprisonment for the § 924(c) offense (300 months total). Mainor was sentenced to a term of 300 months' imprisonment, and we affirmed the conviction and sentence. See United States v. Mainor, 393 F. App'x 10, 20 (3d Cir. 2010). Mainor then filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which the District

---

[1] The District Court imposed sentence on the § 860(a) offenses only; it did not impose any sentence (consecutive or otherwise) on the lesser included § 841(a)(1) offenses. See D. Ct. Dkt. No. 161 at 1.

Court denied. We subsequently declined to issue a certificate of appealability. See

United States v. Mainor, C.A. No. 14-2741, order entered March 18, 2015.

In June 2017, Mainor filed in the District Court a motion under § 3582(c)(2),

seeking to reduce his sentence based on Amendment 782 to the Sentencing Guidelines,

which reduced by two the offense levels assigned to most drug quantities under U.S.S.G.

§ 2D1.1(c). [2] See U.S.S.G. § 2D1.1(c) & app. C. supp., amends. 782, 788 (2014). The

District Court denied the motion, concluding that Mainor was not eligible to file such a

motion, and he appealed.[3]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Where the

denial of relief under § 3582(c)(2) involves a legal question concerning eligibility, we

review the District Court's decision de novo. See United States v. Sanchez, 562 F.3d

275, 277 (3d Cir. 2009). Upon review, we conclude that the District Court properly

denied Mainor's motion for reduction of sentence based on Amendment 782.

Generally, a district court cannot "modify a term of imprisonment once it has been

imposed" unless a defendant is eligible for a reduction of sentence pursuant to § 3582(c).

Section 3582(c)(2) allows for a reduction if: (1) the sentence was "based on a sentencing

---

[2] Mainor also argued in the motion that the District Court improperly calculated the mandatory minimum penalty for the § 860(a) offenses and that his conviction for the lesser included § 841(a)(1) offenses constituted a double jeopardy violation.

[3] Mainor also filed in this Court a motion to vacate his sentence and to remand his case to the District Court for resentencing.

range that has subsequently been lowered by the Sentencing Commission;" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013). A reduction is not authorized under § 3582(c)(2) if the change to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10(a)(2)(B) & cmt. n.1(A).

Amendment 782 does not have the effect of lowering Mainor's applicable guidelines range because he was not sentenced under the guidelines. Instead, it is clear from the presentencing report, the sentencing transcript, and our decision on direct appeal that Mainor's 300 month sentence – 240 months for the drug convictions, plus a mandatory consecutive penalty of 60 months for the § 924(c) offense – was the statutory mandatory minimum term of imprisonment.[4] See 18 U.S.C. § 924(c)(1)(A); 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 851(a)(1), and 860(a). Therefore, the District Court lacked authority to reduce Mainor's sentence under § 3582(c)(2). See United States v. Ortiz-Vega, 744

---

[4] We note that Mainor acknowledged in his motion to reduce sentence that "the statutory language and provisions of § 860 [are] controlling in the instant case." See D. Ct. Dkt. No. 228 at 2. And to the extent that he challenged the District Court's calculation of the mandatory minimum penalty for the § 860(a) offenses and his conviction for the lesser included § 841(a)(1) offenses as a double jeopardy violation, his motion to reduce sentence was rather an unauthorized second or successive § 2255 motion that the District Court lacked jurisdiction to consider.

4

F.3d 869, 873 (3d Cir. 2014) ("[I]f a defendant is subjected to a mandatory minimum, he or she would not be given a sentence 'based on a sentencing range that has subsequently been lowered.'").

For the foregoing reasons, we will affirm the District Court's order denying Mainor's motion to reduce his sentence. The motion to vacate sentence and to remand for resentencing is denied.