**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3643
_____

UNITED STATES OF AMERICA

v.

SAMUEL FREEMAN,
                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2:06-cr-00207-001)
District Judge: Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2019
Before:  MCKEE, COWEN, and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 11, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Samuel Freeman is a federal inmate serving a term of imprisonment of 360 months. Freeman appeals from the District Court's orders relating to the denial of relief under 18 U.S.C. § 3582(c)(2). For the reasons detailed below, we will affirm.

I.

Because we write primarily for the benefit of the parties, we will recite only the facts necessary for our discussion. Following a jury trial, Freeman was found guilty of, inter alia, conspiracy to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846, and one count of distributing at least 50 grams of crack, in violation of 21 U.S.C. § 841. The District Court sentenced Freeman to 360 months of imprisonment. Given the type and weight of the trafficked drugs (4.5 kilograms of crack), see U.S.S.G. § 2D1.1 ("the Drug Guideline"), and a four-level enhancement for his role in the offense, see U.S.S.G. § 3B1.1(a), Freeman's adjusted offense level was 42. The pre-sentence report, which the District Court adopted, calculated Freeman's criminal history category as V. However, in sentencing, the District Court granted a downward departure under U.S.S.G. § 4A1.3 and applied a criminal history category of III. Freeman appealed his conviction, which we affirmed. See United States v. Freeman, 405 F. App'x 584 (3d Cir. 2010).

Freeman filed his first motion for reduction of sentence under § 3582(c)(2) in 2016. The motion was based on Amendment 782 to the Sentencing Guidelines, which reduced the offense levels assigned to drug quantities in the § 2D1.1 Drug Quantity Table

by two levels. In May 2016, the District Court denied the motion with prejudice, concluding that amendment did not lower Freeman's applicable guideline range and he was not eligible for a reduction. Freeman did not appeal.

In January 2018, Freeman filed a motion for appointment of counsel for the purpose of seeking a sentence reduction under Amendments 750 and 782 of the Guidelines (it is fair to also consider this motion as an attempt to file another § 3582 motion).[1] On September 14, 2018,[2] the District Court denied the motion for appointment of counsel on the ground that appointment of counsel would be futile because Freeman's motion for a sentence reduction on the same grounds had previously been denied with prejudice and Freeman's request was frivolous because he sought to pursue a "barred claim." ECF No. 569.

Subsequently, in November 2018, Freeman filed a "motion to set aside/vacate" the District Court's May 2016 and September 2018 orders. Seeking reconsideration, Freeman presented argument that he was entitled to a sentence reduction at the time he filed his first motion, and that he should have been appointed counsel because he remains

---

[1] Amendment 750 to the Sentencing Guidelines "reduced the crack-related offense levels in § 2D1.1 of the Guidelines." United States v. Berberena, 694 F.3d 514, 517-18 (3d Cir. 2012).

[2] The case had been reassigned to a different District Judge on the retirement of the District Judge who had presided over the trial and sentencing.

entitled to relief based on Amendments 750 and 782.[3]  On November 19, 2018, the

District Court denied the motion, relying on the reasons in the May 2016 order and noting

that appointment of counsel would be futile.  Freeman filed his notice of appeal,

specifying the order of November 19, 2018, on November 30, 2018.[4]

## II.

We have jurisdiction under 28 U.S.C. § 1291.[5]  While an abuse of discretion

standard is used to review the denial of reconsideration, the de novo standard prevails

where, as here, we are reviewing a lower court's interpretation and application of a legal

precept, such as a question about a defendant's eligibility for relief under § 3582(c)(2).

See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985); see also

United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012).  We review the denial

of a request for counsel for abuse of discretion.  Cf. Brightwell v. Lehman, 637 F.3d 187,

---

[3] On October 6, 2014, the District Court filed an Administrative Order that appointed the Federal Defender to represent all inmates who are potentially eligible for a sentence reduction pursuant to Amendment 782.

[4] He seeks to file his reply brief out-of-time.

[5] In his brief, Freeman presents argument about the order of November 19, 2018, from which the appeal was timely taken, and the order of September 18, 2018, from which the appeal is untimely.  See Fed. R. App. P. 4(b)(1)(A); United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003) (explaining that because a § 3582(c)(2) motion is considered a continuation of the criminal proceedings, the time period of Rule 4(b)(1)(A) applies).  However, the time limit for filing an appeal in a criminal case is not jurisdictional, Virgin Islands v. Martinez, 620 F.3d 321, 328 (3d Cir. 2010), and the Government has not objected to our consideration of any of the issues that Freeman raises.  Accordingly, we review both orders, see id., which also implicate the underlying question whether Freeman is entitled to relief under § 3582(c).

191 (3d Cir. 2011). We may affirm on any record-supported grounds. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

III.

Upon review, we will affirm because we agree with the District Court's decisions to deny Freeman's motions. A District Court generally cannot modify a term of imprisonment once it has been imposed, but a defendant may be eligible for a reduction pursuant to § 3582(c) under certain circumstances. Section 3582(c) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013). If a defendant fails to satisfy either requirement, a District Court may not consider a sentence reduction. See United States v. Savani, 733 F.3d 56, 61 (3d Cir. 2013).

Here, as the Government argues, a reduction in Freeman's sentence would not be consistent with applicable policy statements issued by the Sentencing Commission. A reduction in a sentence is not consistent with the relevant policy statement if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined *before* consideration of any

5

departure provision in the Guidelines Manual." U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added); see also U.S.S.G. § 1B1.10 cmt. n.8.

Both parties agree that Amendments 750 and 782 to the Guidelines lowered Freeman's adjusted offense level to 38.[6] Freeman argues that because his criminal history category is III, he now is entitled to an adjusted guideline range of 292-365 months of imprisonment. However, his applicable guideline range is based on a criminal history category of V, because, as noted, this was his criminal history category before the District Court applied the departure pursuant § 4A1.3. See Flemming, 723 F.3d at 412. Given an offense level of 38 and a criminal history category of V, the guideline range after considering Amendments 750 and 782 is 360 months to life of imprisonment – which is the same as Freeman's original guideline range. Thus, since Amendments 750 and 782 would not lower Freeman's applicable guideline range, the District Court properly denied Freeman's motions.[7]

Finally, Freeman challenges what he believes is an order barring him from filing additional § 3582(c)(2) motions. However, our review of the District Court's orders does

---

[6] In light of Amendments 750 and 782, Freeman's applicable guideline range would now begin with a base offense level of 34, and not 38. Four levels are added for his role in the offense, making Freeman's total adjusted offense level a 38.

[7] As the Government points out, the District Court, in considering Amendment 782 in its May 2016 order, erroneously stated that Freeman's criminal history category was III (at the time, and without consideration of Amendment 750, the District Court calculated the applicable guideline range as the same and denied relief). While Freeman may justifiably be confused in light of the error, he was, and is, not entitled to a reduction in his sentence.

not reveal any order barring Freeman from filing any motion under § 3582(c)(2). While the District Court did use the term "barred claim" in interpreting a prior order, we understand the District Court to have meant that Freeman was not entitled to counsel for the purposes of filing a claim previously rejected as without merit. And that conclusion is unobjectionable.

Accordingly, for the reasons given, we will affirm the orders of the District Court.[8]

---

[8] Appellant's motion to file reply brief out of time is granted.