**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3826
_____

UNITED STATES OF AMERICA


v.

JAVON HARRIS,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-13-cr-00076-001)
District Judge:  Honorable Anita B. Brody
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 23, 2016
Before:  CHAGARES, KRAUSE and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 1, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Javon Harris, a federal prisoner proceeding pro se, appeals the District Court's order denying his motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will affirm.

I.

Harris pleaded guilty to one count of distribution of cocaine, in violation of 21 U.S.C. § 841. He entered the plea pursuant to Fed. R. Crim. P. 11(c)(1)(C), and the parties agreed to a binding sentence of 84 months. At Harris's sentencing hearing, the District Court recognized that Harris qualified as a career offender under the U.S. Sentencing Guidelines. Under that designation, Harris's sentencing range under the Guidelines was 210 months to 262 months. After considering the arguments of the parties and the sentencing factors under 18 U.S.C. § 3553(a), the District Court accepted Harris's argument that a variance from the above range was appropriate. The District Court adjusted Harris's sentencing range to one consistent with the agreement, and imposed the agreed-upon sentence of 84 months.[1]

In September 2015, Harris filed a motion under 18 U.S.C. § 3582(c)(2). He sought to have his sentence reduced based on Amendment 782 to the U.S. Sentencing Guidelines, which lowered by two the base offense assigned to particular drug quantities. The District Court denied the motion because Harris's plea agreement did not expressly invoke a particular Guidelines range. Harris appealed. He argues the District Court erred

---

[1] The order under review mistakenly states that Harris received a sentence of 120 months in prison.

2

in finding his plea agreement was not tied to a range under the Guidelines.  The Government responds that Harris's arguments "are premised on a misperception of the record and the law."  The Government asks that we affirm the District Court's order for three reasons: (1) the sentence specified in Harris's plea agreement was not expressly based on a range under the Guidelines; (2) Harris's sentencing range was set by the career offender Guideline; and (3) the Guidelines manual used to calculate Harris's sentence already included the reductions made by Amendment 782.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We generally review a district court's denial of a motion for reduction of sentence under § 3582(c)(2) for abuse of discretion.  United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).  When a district court concludes that a defendant is not eligible for relief under § 3582(c)(2), however, our review is plenary.  United States v. Weatherspoon, 696 F.3d 416, 421 (3d Cir. 2012).

## III.

A district court generally cannot modify a term of imprisonment once it has been imposed, but a defendant may be eligible for a reduction pursuant to 18 U.S.C. § 3582(c) under certain circumstances.  Section 3582(c) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued

3

by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); <u>United States v. Flemming</u>, 723 F.3d 407, 410 (3d Cir. 2013).

Harris fails to meet either of § 3582(c)(2)'s criteria. As an initial matter, the District Court correctly determined that Harris's Rule 11(c)(1)(C) sentence was not expressly based on a Guidelines sentencing range. <u>See</u> <u>United States v. Freeman</u>, 131 S. Ct. 2685, 2698 (2011) (Sotomayor, J., concurring); <u>United States v. Thompson</u>, 682 F.3d 285, 289-90 (3d Cir. 2012). Moreover, Harris's sentencing took place February 2, 2015, and he was sentenced using the Guidelines manual in effect on November 1, 2014. That manual reflected the changes promulgated by Amendment 782.

Harris also fails to meet § 3582(c)(2)'s second criterion, as a reduction in his sentence would not be "consistent with the applicable policy statements issued by the Sentencing Commission." The relevant "applicable policy statement[]" makes clear that a reduction in a sentence following a retroactive Guidelines amendment is inconsistent with the Commission's policy statements unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Thus, the "question here is whether amendments to the… guidelines… have the effect of lowering the 'applicable guideline range' of a defendant subject to the career offender designation," who received a downward departure or variance. <u>Flemming</u>, 723 F.3d at 410.

4

The Sentencing Guidelines define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A). As in Flemming, the "applicable guideline range" is "the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance." 712 F.3d at 412. The fact Harris received a downward variance from the career offender Guideline does not change the applicable range under which his sentence was calculated. See id.

## IV.

For the foregoing reasons, we will affirm the District Court's order denying Harris's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).