ALD-407                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2805
_____

UNITED STATES OF AMERICA

v.

EJIKE EGWUEKWE,
                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1:14-cr-00006-002)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 9, 2016

Before:  AMBRO, SHWARTZ, and NYGAARD, Circuit Judges

(Opinion filed:  September 16, 2016)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Ejike Egwuekwe, a federal prisoner proceeding pro se, appeals from the District

Court's denial of his motion for a sentence reduction filed under 18 U.S.C. § 3582(c)(2).

We will summarily affirm the District Court's judgment.

I.

In 2015, Egwuekwe pleaded guilty to a one-count information alleging mail fraud,

in violation of 18 U.S.C. § 1341.  He received a sentence of 46 months in prison, two

years of supervised release, $301,041.25 in restitution, and a $100 special assessment.

He did not file a direct appeal.  In May 2016, Egwuekwe filed a motion to reduce his

sentence based on United States Sentencing Guidelines Manual Amendments 790, 791,

and 792.[1]  In his original motion and an amended filing, Egwuekwe argued that he was

entitled to the benefit of those amendments, which took effect November 1, 2015.  In

support, he relied on the fact that although his sentencing hearing took place October 30,

2015, the District Court did not enter the judgment until November 2, 2015.[2]  The

District Court denied the motion, determining that the amendments did not apply

retroactively.  Egwuekewe appeals.

---

[1] Amendment 790 revised the Relevant Conduct guideline, U.S.S.G. § 1B1.3;
Amendments 791 and 792 revised U.S.S.G. § 2B1.1, which regards economic crimes.

[2] The District Court applied the Guidelines Manual in effect at the time of the sentencing
hearing.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We generally review a district court's denial of a motion for reduction of sentence under § 3582(c)(2) for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). When a district court concludes that a defendant is not eligible for relief under § 3582(c)(2), however, our review is plenary. United States v. Weatherspoon, 696 F.3d 416, 421 (3d Cir. 2012).

## III.

A district court generally cannot modify a term of imprisonment once it has been imposed, but a defendant may be eligible for a reduction pursuant to § 3582(c) under certain circumstances. Section 3582(c) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013). The relevant policy statement permits a reduction only on the basis of amendments that are made retroactive in U.S.S.G. § 1B1.10(d) (formerly § 1B1.10(c)). See Dillon v. United States, 560 U.S. 817, 831 (2010); United States v. Doe, 564 F.3d 305, 313 (3d Cir. 2009).

Egwuekwe fails to meet § 3582(c)(2)'s second requirement, as the Sentencing Commission has not listed the Amendments 790, 791, or 792 in U.S.S.G. § 1B1.10(d) as amendments that apply retroactively. See U.S.S.G. § 1B1.10(d). Thus, because the District Court correctly denied Egwuekwe's motion on that basis, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

3

Egwuekwe's other arguments do not change the result. His claim that he should have gotten the benefit of the amendments in effect at the time his judgment was entered is not an argument that would entitle him to relief under § 3582(c)(2). If the amendments did not come into effect until after he was sentenced, they are not retroactively applicable, as we explained. And if the amendments were in effect when he was sentenced, the sentencing range cannot be considered to have "subsequently been lowered." Also, his claim that counsel was ineffective for failing to inform him about the above amendments is not a proper basis for § 3582(c)(2) relief. We note that the District Court provided Egwuekwe with a form to file a motion under 28 U.S.C. § 2255, which is generally the proper manner to bring an ineffective assistance of counsel claim. We leave it to the District Court in the first instance to address any issues Egwuekwe may raise therein.

IV.

For the foregoing reasons, we will affirm the District Court's order denying Egwuekwe's motion for a reduction of sentence.

4