NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1637
_____

UNITED STATES OF AMERICA

v.

TIMOTHY WALKER,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-94-cr-00488-004)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2017

Before:  GREENAWAY, JR., VANASKIE and ROTH, Circuit Judges

(Opinion filed: June 21, 2018 )
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Timothy Walker, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania denying his motion pursuant to 18 U.S.C. § 3582(c) to reduce his sentence. For the reasons that follow, we will affirm.

In 1995, Walker was convicted in the Eastern District of Pennsylvania of conspiracy to possess with intent to distribute cocaine and attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Walker was sentenced to 480 months of imprisonment. This Court affirmed Walker's conviction and sentence on appeal. See United States v. Walker, 142 F.3d 430 (3d Cir. 1998) (table). Walker filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court denied Walker's motion, and we declined to issue a certificate of appealability. See United States v. Walker, No. 00-1373 (order entered on March 13, 2001). Later, we denied Walker's application to file a second or subsequent § 2255 motion. See In re: Kenneth V. Riddick, No. 05-2912 (order entered on July 5, 2005).

On May 26, 2016, Walker filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of sentence. Walker relied on Amendment 782 to the Sentencing Guidelines, which was made retroactive by Amendment 788. Amendment 782 reduced the base offense levels assigned to most drug quantities under U.S.S.G. § 2D1.1(c) by two levels. See U.S.S.G. § 2D1.1(c) & app. C. supp., amends. 782, 788 (2014). The District Court denied the motion. Walker appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's interpretation of the Guidelines. United States v. Mateo, 560 F.3d 152,

2

154 (3d Cir. 2009). We review for abuse of discretion the District Court's ultimate decision whether to grant or deny a defendant's motion to reduce sentence under § 3582(c)(2). Id.

Section 3582(c)(2) allows for a reduction if (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013); see generally Koons v. United States, -- S. Ct. ---, 2018 WL 2465190, at *3 (U.S. June 4, 2018). A reduction in sentence pursuant to a retroactive amendment to the Guidelines is not consistent with its policy statements unless the amendment has "the effect of lowering the defendant's applicable guideline range." Flemming, 723 F.3d at 410 (quoting U.S.S.G. § 1B1.10(a)(2)(B)). The Guidelines define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual." U.S.S.G. § 1B1.10 cmt. n.1(A). Because application of Amendment 782 does not lower Walker's applicable guidelines range, he is not eligible for a sentence reduction.

The parties agree that Walker's offense involved 50 kilograms of cocaine and originally carried a base offense level under § 2D1.1 ("Drug Guideline") of 36. Two levels were added for gun possession under § 2D1.1(b)(1), making his total offense level under the Drug Guideline a 38. Walker was classified as a career offender; however, § 4B1.1 ("Career Offender Guideline") did not ultimately produce his offense level, as

3

the offense level under the Career Offender Guideline was lower than the offense level produced by the Drug Guideline.[1] See U.S.S.G. § 4B1.1(b) ("if the offense level for a career offender … is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."). At his criminal history category of VI, his offense level of 38 produced a guideline range used at sentencing of 360 months to life imprisonment.

The Guidelines instruct that in making a determination as to whether a reduction in a defendant's term of imprisonment is warranted, "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). When substituting only the new base offense level and leaving all other guideline application decisions unaffected, the Career Offender Guideline now works differently than it originally did at sentencing. However, our focus is on the "end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus." Mateo, 560 F.3d at 155 (citing United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008)).

Pursuant to Amendment 782, Walker's applicable Guideline range would now begin with a base offense level of 34, not 36. Two levels are added for gun possession, making Walker's total offense level a 36. Under the Career Offender Guideline Walker's offense level is a 37. Because Walker's total offense level is now lower than the offense level produced by the Career Offender Guideline, § 4B1.1(b) instructs that the offense

---

[1] Walker's contention that he was not classified as a career offender is incorrect.

level from his Career Offender Guidelines apply. Walker's applicable guideline range, with an offense level of 37 and a criminal history category of VI, would be 360 months to life imprisonment, just as it was originally. Sentencing Table, U.S.S.G. Ch. 5, Pt. A. Application of Amendment 782 does not lower Walker's applicable Guideline range; therefore, it would be error to reduce Walker's sentence. See U.S.S.G. § 1B1.10(a)(2)(B); United States v. Lindsey, 556 F.3d 238, 244 (4th Cir. 2009) (holding that where a recalculation under an Amendment to the sentencing guidelines "leads to the *same* applicable [Guidelines] range, no modification of [the defendant's] sentence is authorized by § 3582(c).") (emphasis in original); see also Mateo, 560 F.3d at 155 (holding that where application of an Amendment to the Guidelines does not lower a defendant's sentencing range due to his status as a career offender, a reduction of sentence is not authorized). Accordingly, the District Court did not err in denying Walker's § 3582(c) motion.

Our conclusion is not altered by Walker's argument that his career offender classification is unconstitutional under Johnson v. United States, 135 S. Ct. 2551 (2015). This claim is not properly brought in a § 3582(c) motion, but instead is correctly brought through a successive § 2255 motion.[2] See United States v. McBride, 283 F.3d 612, 616 (3d Cir. 2002) (holding that a defendant's arguments based on Apprendi v. New Jersey,

_____

[2] On January 22, 2018, we granted Walker's application pursuant to 28 U.S.C. § 2244 for authorization to file a successive § 2255 motion based on Johnson, and Walker's § 2255 motion is currently pending before the District Court. See In re: Timothy Walker, No. 15-2951. In the event that Walker is ultimately successful in his constitutional challenge to his career offender classification, Walker may then be able to benefit from Amendment 782.

530 U.S. 466 (2000), was outside the scope of a § 3582(c) motion). Nor is our conclusion altered by the Supreme Court's recent decision in <u>Hughes v. United States</u>, -- S. Ct. ---, 2018 WL 2465187 (U.S. June 4, 2018), which Walker cites in a letter that he filed under Fed. R. App. P. 28(j). In <u>Hughes</u>, the Supreme Court held that a sentence imposed pursuant to a "Type–C" plea agreement that specifies a particular sentence is "based on" the defendant's Sentencing Guidelines range for purposes of § 3582. <u>See</u> <u>id.</u> at *8-*9. Meanwhile, we reject Walker's argument not because his sentence was not based on a sentencing range that has been lowered but because the pertinent amendment does not lower Walker's applicable Guideline range.

For the foregoing reasons, we will affirm the judgment of the District Court. Walker's motions to file a supplemental reply brief and to submit an oversized pleading are granted.