CLD-157                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3636
_____

UNITED STATES OF AMERICA

v.

BRYAN THORNTON,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-91-cr-00570-003)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 9, 2015

Before: FUENTES, GREENAWAY, JR., and VANASKIE, Circuit Judges

(Opinion filed April 30, 2015)
_____

OPINION*
_____

PER CURIAM

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Bryan Thornton appeals the District Court's order denying his motion for reconsideration of his prison sentence. We will affirm.

Thornton was convicted in 1992 of conspiracy to distribute and possess with intent to distribute cocaine and heroin, possession with intent to distribute and distribution of a controlled substance, participation in a continuing criminal enterprise, and possession of a firearm by a convicted felon. Thornton was sentenced under the United States Sentencing Guidelines to life imprisonment.

We affirmed Thornton's judgment and sentence, see United States v. Thornton, 1 F.3d 149 (3d Cir. 1993), and the Supreme Court denied his petition for writ of certiorari. Thornton subsequently filed multiple unsuccessful motions pursuant to 28 U.S.C. § 2255, and to modify his sentence under 18 U.S.C. 3582(c)(2) and Rule 52(b).

In April 2008, Thornton filed a motion to modify his sentence pursuant to 18 U.S.C. § 3742(a)(2), seeking to correct an error in the District Court's re-calculation of his offense level according to Amendment 505. The District Court denied Thornton's motion on April 3, 2009, holding that section 3742(a) does not give a court authority to modify a sentence on the basis of an Amendment to the Guidelines that has been made retroactive. The District Court also found that it may not "under the guise of applying § 3582, reduce [Thornton's] sentence when the applicable guideline range has not been altered by application of an amendment." The District Court additionally held that

Thornton was not entitled to a full resentencing under United States v. Booker, 543 U.S. 220 (2005). Thornton appealed, and we summarily affirmed.

In April of 2014, Thornton filed a motion to reconsider his sentence. He argued that when considering whether his sentence should be reduced by operation of Amendment 505 pursuant to 18 U.S.C. § 3582(c)(2), the sentencing court should have also conducted a de novo resentencing hearing at which Thornton could present arguments for a lesser sentence on other grounds. The District Court denied this motion as an untimely motion to reconsider its earlier ruling of its April 3, 2009, order. Thornton did not appeal.

Instead, in June of 2014, Thornton filed the instant motion to modify his sentence, which he captioned "Nunc Pro Tunc Review 18 U.S.C. 3582(c) Motion Amendment 505." This motion presented the same arguments as the previous motion—the sentencing court erred by not conducting a full resentencing and reapplying the sentencing factors codified in 18 U.S.C. § 3553(a) at the time it determined that applying Amendment 505 did not result in a prison term shorter than life in prison. The District Court denied Thornton's motion, finding that it asserted the same grounds for relief as the April 2014 motion, and that it was also an untimely motion to reconsider its April 3, 2009, order.

Thornton appealed. After being notified that his appeal was being considered for summary action, Thornton filed two responses. The first contended that the District Court violated his Due Process rights by refusing to conduct a full resentencing. The

3

second asserted that the United States Sentencing Commission recently created Amendment 782, which Thornton asked this Court to "include" in his original motion or to stand as a separate argument for relief.[1]

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of Thornton's motion—which sought reconsideration of the District Court's earlier refusal to grant a full re-sentencing—for an abuse of discretion. See United States v. Dupree, 617 F.3d 724, 733 (3d Cir. 2010). The purpose of a motion for reconsideration "is to correct a clear error of law or to prevent a manifest injustice in the District Court's original ruling." Id. We will summarily affirm the District Court because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

In its April 3, 2009, order, the District Court rejected Thornton's argument that, when the sentencing court rejected his motion for a reduction in sentence based on Amendment 505, he was entitled to a full resentencing under 18 U.S.C. § 3582(c). The District Court correctly ruled that because Amendment 505 did not alter Thornton's guideline-sentencing-range, he was not entitled to relief under section 3582(c). See United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009) (holding that where an amendment does not lower the defendant's sentencing range, he may not seek a reduction in sentence under section 3582(c)(2)). Moreover, even if Thornton were entitled to a reduction in his sentence under 3582(c) in light of Amendment 505, he would not be

---

[1] To the extent that Thornton requests appointment of counsel for this appeal, that request

entitled—as he argues in his instant motion—to a "full resentencing." Contrary to Thornton's assertion, consideration of a retroactive Amendment to the Guidelines under section 3582(c) is a focused proceeding that does not contemplate a full resentencing. See United States v. McBride, 283 F.3d 612, 615-16 (3d Cir. 2002) (recognizing the "focused nature" of a sentence reduction under section 3582 does not entitle a defendant to a "full resentencing"). Accordingly, the District Court did not abuse its discretion in denying Thornton's motion to reconsider its earlier order denying Thornton's requested relief, and we will affirm the judgment of the District Court.[2]

---

is denied as his appeal lacks merit.

[2] Thornton also argues for the first time on appeal that the Sentencing Commission Amended the Guidelines with Amendment 702 and "accordingly Amendment 702 retroactively covers" Amendment 505. We generally do not consider arguments raised for the first time on appeal, see Inductotherm Indus., Inc. v. United States, 351 F.3d 120, 126 n.9 (3d Cir. 2003), and we will not do so in this case.