**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2857
_____

UNITED STATES OF AMERICA

v.

BRYAN THORNTON,
a/k/a Moochie,

                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:91-cr-00570-003)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 4, 2022
Before:  GREENAWAY, JR., PORTER and NYGAARD, Circuit Judges

(Opinion filed August 5, 2022)
_____

OPINION[*]
_____

PER CURIAM

Bryan Thornton appeals from an order of the District Court, entered September 9,

2021, denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 1991, Bryan Thornton was convicted of various narcotics offenses, following a trial in the United States District Court for the Eastern District of Pennsylvania, and received a life sentence. The sentencing court concluded that Thornton was accountable for 1,000 kilograms of cocaine; the base level for his offense was 40 plus an additional four level increase for a total of 44, and with an enhancement, his total adjusted offense level was 46.  We affirmed the sentence on direct appeal.  See United States v. Thornton, 1 F.3d 149 (3d Cir. 1993), cert. denied, 510 U.S. 982 (1993).  Since then, Thornton has filed numerous motions with the District Court to modify, or otherwise amend, his sentence.

Amendment 505 to the Sentencing Guidelines became effective in November 1994, which reduced Thornton's relevant base offense level from 40 to 38.  Based on this Amendment, Thornton filed a motion to reduce his sentence pursuant to § 3582(c)(2). The District Court concluded that "[d]espite the reduction, Thornton's sentence remains the same under the new offense level," and therefore he was not entitled to relief.  Dkt No. 617, at 1 n.1.  Thornton appealed, and we summarily affirmed.  United States v. Thornton, 600 F. App'x 819, 820 (3d Cir. 2015).

In September 2020, Thornton filed his third motion to reduce his sentence pursuant to § 3582(c)(2) based on Sentencing Guidelines Amendment 782, which "retroactively reduced by two levels the base offense levels assigned to many drug quantities in the Drug Guidelines."  United States v. Thompson, 825 F.3d 198, 202 (3d Cir. 2016).  The District Court denied Thornton's motion after determining that he had previously received a two-level base offense level reduction pursuant to Amendment 505,

2

which set the relevant base offense level at 38, and could not obtain another reduction pursuant to Amendment 782. Thornton sought reconsideration, which the District Court denied.[1] On September 7, 2021, Thornton then filed a "supplemental motion," again requesting relief pursuant to Amendment 782. Dkt No. 685. On September 9, 2021, the District Court entered an order denying that motion, concluding that it raised the same arguments that were addressed previously. Dkt No. 686. Thornton appeals.

We have jurisdiction to review the District Court's September 9, 2021 order pursuant to 28 U.S.C. § 1291. See Thompson, 825 F.3d at 203. "Our review over a district court's decision to grant or deny a motion for sentence reduction is typically for abuse of discretion," but we exercise plenary review over "legal questions concerning the proper interpretation of the Sentencing Guidelines." Id. (quotation marks and citation omitted).

A District Court generally cannot modify a term of imprisonment once it has been imposed, but a defendant may be eligible for a sentence reduction pursuant to § 3582(c) under certain circumstances. Section 3582(c) allows for a reduction if two requirements are met: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); see also United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013). A sentence reduction

---

[1] Thornton appealed the denial of his motion for reconsideration, and the appeal was dismissed for failure to file a brief. See C.A. No. 20-3502.

3

is inconsistent with stated Sentencing Commission policy if, for example, the newly retroactive Guidelines amendment relied on by the defendant "does not have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

The District Court correctly denied Thornton's motion because Amendment 782 does not have the effect of lowering his applicable guideline range. See § 1B1.10(a)(2)(B). Amendment 782 imposed a base level offense of 38 for offenses involving 450 kilograms or more of cocaine. See U.S.S.G. § 2D1.1(c) (Drug Quantity Table). Because Thornton was accountable for 1,000 kilograms of cocaine,[2] Amendment 782 does not alter his relevant base offense level or lower his sentencing range, and therefore he is not eligible for a reduction in sentence under § 3582(c)(2). See United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009). The District Court therefore properly denied his motion under § 3582(c)(2).[3]

---

[2] In the District Court and on appeal, Thornton argues that rather than using the amount of cocaine found by the Court at sentencing, this Court should instead conclude that Appellant had "150 kilograms of cocaine," an amount referenced in the jury instructions for his continuing conspiracy enterprise offense. See Pro Se Brief, at 11; see also Appellee's Amended Brief, at 9 n.5 ("The district court instructed the jury that it must find that the continuing violations involved at least 150 kilos of cocaine in order to convict Thornton of the charged CCE offense."). Thornton, however, has provided no legal support for this argument. Rather, the sentencing court had the authority to determine the facts, including drug quantity, relevant to imposing his sentence. See United States v. Grier, 475 F.3d 556, 561, 565–66 (3d Cir. 2007). As such, Thornton's argument is meritless.

[3] To the extent that Thornton argues that he is entitled to compassionate release because of alleged trial and sentencing errors, he essentially presents another challenge to the validity of his conviction and sentence, and such challenges are typically brought under 28 U.S.C. § 2255 instead. See Calderon v. Thompson, 523 U.S. 538, 553 (1998) (holding that a prisoner may not circumvent AEDPA's restrictions by labeling a second or successive application for habeas relief something else); Okereke v. United States, 307

For the foregoing reasons, we will affirm the judgment of the District Court.

---

F.3d 117, 120 (3d Cir. 2002) (stating that motions to vacate "pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences"). We make no findings, however, as to the timeliness or merits of such a motion.